IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCILLE ADLEY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:20-cv-01767-M |
| KROGER TEXAS, L.P., et al., | § § § | |
| Defendants. | § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment [ECF No. 11]. For the following reasons, the Motion is GRANTED.

### I.  Background

What follows is Plaintiff's version of the facts. On May 25, 2018, Plaintiff went into a Kroger grocery store in Desoto, Texas [ECF No. 13-1 at App. 53]. She grabbed a shopping cart, went to the ice cream freezer aisle, picked up several cartons of ice cream, turned around, and proceeded to the register [*id*. at App. 17–18]. The cashier informed her that one of the cartons was defective, so she returned to the ice cream freezer aisle to get a replacement, this time without the shopping cart [*id*. at App. 18–19]. After getting the new item, she turned to walk back down the aisle, which had no other people in it [*id*. at App. 19–21]. After seven or eight steps, Plaintiff tripped and fell over a cardboard box on the floor, sustaining injuries as a result [*id*. at App. 21]. She filed suit against Defendants in state court [*id*. at App. 51–59]. Defendants removed the case to this Court.

**II.     Improper joinder**

Defendants removed this case on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, and sought the amount required for federal jurisdiction [*id*. at App. 51 and 58]. Plaintiff is a citizen of Texas [*id*. at App. 51]. Defendant Henpil, Inc., is a citizen of Texas [*id*. at App. 52]; [ECF No. 1 at 2]. In their Notice of Removal, Defendants urged that removal was nevertheless proper because Henpil was improperly joined [ECF No. 1 at 1–2 n.1]. Defendants urge Henpil is a holding company for liquor licenses utilized by various Kroger entities, not an owner or operator of the subject premises [*id*.].

Prior to removal, Defendants filed a Verified Denial, denying Henpil's liability in the capacity in which it was sued [ECF No. 1-2 at 28 and 33]. The Verified Denial stated: "Defendant denies that 'Kroger L.P. D/B/A Henpil, Inc. and Henpil, Inc.' owned or operated the store at issue on the date of this incident. Consequently, Plaintiff has no right or potential right of recovery against 'Kroger L.P. D/B/A Henpil, Inc. and Henpil, Inc.' " [*Id*.]; s*ee McCabe v. Henpil, Inc*., 889 F. Supp. 983, 990 (E.D. Tex. 1995) ("[F]raudulent joinder claims can be resolved by . . . considering . . . affidavits, deposition transcripts, or the factual allegations contained in a verified complaint.") (quotations and citations omitted); *B., Inc. v. Miller Brewing Co*., 663 F.2d 545, 549 (5th Cir. 1981). The burden thus shifted to Plaintiff to establish that it was entitled to recover from Henpil. *See Bossier Chrysler Dodge II, Inc. v. Rauschenberg*, 201 S.W.3d 787, 798 (Tex. App.—Waco 2006, pet. granted), *rev'd in part on other grounds*, 238 S.W.3d 376 (Tex. 2007); *Decor Dimensionals, Inc. v. Smith*, 494 S.W.2d 266, 268 (Tex. App.—Dallas 1973); *George P. Bane, Inc. v. Ballard*, No. 05-19-1459-cv, 2021 WL 1084586, at *4–5 (Tex. App.—Dallas March 22, 2021). Plaintiff did not assert any defect in the Verified Denial, never responded to it, and never moved to remand. Thus, the uncontroverted evidence before the

Court is the Verified Denial that shows that neither Kroger, L.P. d/b/a Henpil, Inc., nor Henpil, Inc., were owners or operators of the premises at issue when Plaintiff says she was injured. Courts are authorized to disregard a named party when it is not the real party in interest. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 91–93 (2005). Henpil, Inc. is therefore DISMISSED with prejudice. The remaining Defendant is Kroger Texas, L.P. Because Henpil, Inc. was improperly joined, removal was proper, and this Court has jurisdiction.

### III.  Legal Standard

Summary judgment is warranted when the movant shows that, after consideration of the pleadings and summary judgment evidence, there is no genuine issue of material fact. Fed. R. Civ. P. 56; *McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 542 (5th Cir. 2012). First, the moving party has the burden to demonstrate the absence of evidence supporting the nonmovant's claims. *Babcock v. Hartmarx Corp.*, 182 F.3d 336, 338 (5th Cir. 1999). Once the moving party's burden is satisfied, the burden shifts to the nonmovant to prove summary judgment is not appropriate. *Tobin v. AMR Corp.*, 637 F. Supp. 2d 406, 411 (N.D. Tex. 2009) (Lynn, J.) (citing *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991)). A court properly grants summary judgment if, looking at all facts in the light most favorable to the nonmovant, it determines that there are no genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### IV.  Analysis

#### a.  Governing law

Plaintiff argues that she "is not limited to a premises[]liability claim." [ECF No. 23 at 20]. She seems to suggest that she has stated claims for negligent activity and respondeat superior. However "[r]ecovery on a negligent activity theory requires that the person [was]

3

injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Plaintiff claims that Kroger breached its duties and created an unreasonable risk of harm by; (1) creating the condition at issue on its premises, (2) permitting such a condition although it knew or should have known that persons would be likely to encounter it, without warning, (3) not conducting reasonable inspections of its premises, (4) not warning Plaintiff of the condition, (5) not making the condition safe although it knew or should have known it would pose an unreasonable risk of harm, (6) failing to timely and properly remedy the condition, and (7) negligently hiring, supervising, training, and retaining employees who caused or failed to remedy the condition [ECF No. 13-1 at App. 54–55].

In *Keetch*, the Supreme Court of Texas found that a trial court had properly declined to submit a negligent activity theory to the jury where the activity was not ongoing when the plaintiff was injured. *Keetch*, 845 S.W.2d at 264. Here, the same result is warranted. Plaintiff alleges not that she was injured by an activity, but, rather, that she was injured by a condition. Plaintiff alleges that she was hurt due to her tripping over a box on the floor. She does not allege that she was hurt as a contemporaneous result of whatever activity caused the box to be on the floor. Further, respondeat superior (incorrectly referred to as "respondent" superior by Plaintiff [ECF No. 23 at 3, 16, and 19]) is not an independent cause of action. *Turner v. Upton Cnty., Tex.*, 915 F.2d 133, 138 n.7 (5th Cir. 1990). Therefore, Plaintiff's Petition states only a premises liability claim. Kroger is entitled to summary judgment on Plaintiff's negligent activity and respondeat superior theories.

### b. Premises liability

To succeed, Texas premises liability claims must satisfy four elements: (1) the owner or operator had actual or constructive knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner or operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or operator's failure to use reasonable care proximately caused the plaintiff's injuries. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998). In support of its Motion, Kroger makes two arguments: first, that Kroger owed no duty to warn Plaintiff of the box, because the presence of the box was open and obvious, and second, that Plaintiff cannot establish that the box posed an unreasonable risk of harm.

When a condition is open and obvious, "the law presumes that invitees will take reasonable measures to protect themselves." *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193, 203 (Tex. 2015). Therefore, a premises liability defendant owes no duty regarding such conditions. *Id*. Whether a condition is open and obvious is a question of law. *Austin v. Kroger Texas, L.P.*, 746 F.3d 191, 198 (5th Cir. 2013). The question is not whether the plaintiff was aware of the condition, but rather, "what would be reasonably observable to a person exercising ordinary care under an objective standard?" *Culotta v. DoubleTree Hotels, LLC*, No. 01-18-267-cv, 2019 WL 2588103, at *3 (Tex. App.—Houston [1st Dist.] June 25, 2019) (citations omitted); *Armendariz v. Wal-Mart Stores, Inc.*, 721 F. Appx. 368, 371 (5th Cir. 2018) ("This is an objective inquiry. . . . [W]hether a dangerous condition is concealed or obvious is not controlled by whether the invitee had personal, subjective knowledge or awareness of it.").

"Only where there is a concealed condition must one provide a warning or otherwise protect" a premises liability plaintiff. *Estes v. Wal-Mart Stores Texas, LLC*, No. 3:16-cv-2057-

M, 2017 WL 2778108, *3 (N.D. Tex. June 27, 2017) (Lynn, J.) (citing *Austin*, 465 S.W.3d at 217).  In *Hughes v. Kroger Texas, L.P.*, this Court found that a patch of concrete in a parking lot was open and obvious, because the patch was of a different shade and consistency than the rest of the parking lot, the plaintiff had no trouble seeing the patch after she got up from her fall, and the patch was not hidden or obscured from the plaintiff's sight.  No. 3:15-cv-806-M, 2016 WL 3390510, at *2–3 (N.D. Tex. March 4, 2016) (Lynn, J.); *accord*, *Rincon v. Home Depot U.S.A., Inc.*, No. 3:17-cv-2909-X, 2019 WL 6118406, at *2–4 (N.D. Tex. Nov. 15, 2019) (finding that a thin, white nylon strap sticking out into the middle of a Home Depot aisle was open and obvious as a matter of law because it was visible, and a different color than the floor); *Robles v. Ross Stores, Inc.*, No. 3:16-cv-86-B, 2017 WL 2306527, at *7–8 (N.D. Tex. May 26, 2017) (holding that size nubs—small tags which clip on to clothing hangers and show an item size—were open and obvious where the nubs were of a different color than the floor and the plaintiff admitted she would have seen them if she had been looking down).

Here, the undisputed summary judgment evidence shows that the cardboard box was bigger and taller than a shoebox, was too big for Plaintiff to step over, and was heavy and obvious enough for Plaintiff to use to pull herself up and sit on after she fell [ECF No. 13-1 at App. 24, 29, and 32–33].  Plaintiff testified that nothing was blocking her line of sight [*id*. at App. 26].  Plaintiff placed the location of the box in the walking area of the aisle, not to the side [*id*. at App. 15–16, 33–35, and 47–48].

Plaintiff testified three times during her deposition, on November 6, 2020, that the box she tripped on was a different color than the floor in the area around the box [ECF No. 13-1 at App. 24–25, and 27].[1]  In her response to Plaintiff's Motion for Summary Judgment, Plaintiff

---

[1] In an affidavit dated May 19, 2021, more than two months after Defendants' Motion for Summary Judgment was filed, and more than six months after Plaintiff's deposition, Plaintiff changed her story on the color of the floor,

6

relies on the deposition testimony of the Kroger store's "Frozen Lead," Daniel Lamiman. Mr. Lamiman said that tan is "close on a color wheel" to light orange, which was the color of some of the floor tiles [ECF No. 23-4 at 6]. A substantial majority of the tiles in the aisle were white or beige [ECF No. 23 at 15]; [ECF No. 13-1 at App. 25]; [ECF No. 24 at 8]. Mr. Lamiman did not testify that the few light orange tiles were the same color as the box, nor that those tiles would make it more difficult to see a cardboard box on them. This testimony does not create a genuine issue of material fact to dispute the conclusion that the box condition was open and obvious.

Viewing all facts in the light most favorable to the Plaintiff, the Court finds that the box she tripped over was open and obvious. Because the Court finds that for that reason the Plaintiff may not recover, the Court need not decide whether the box presented an unreasonable risk of harm.

**V.      Conclusion**

For the reasons stated herein, Defendants' Motion for Summary Judgment is GRANTED.

---

stating that "the floor was parts white, beige or some other color closer to brown, to the color of the card[]board box on which I tripped and fell." [ECF No. 23-3 at 3]. However, this Court has the authority to disregard an affidavit "if a party's own affidavit contradicts that party's earlier testimony," and that party does not "explain the reason for the change." *Hughes*, 2016 WL 3390510, at *2 (citing *Farroux v. Denny's Rests., Inc.*, 962 S.W.2d 108, 111 (Tex. App.—Houston [1st Dist.] 1997); *see Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 82 (Tex. 2018) ("Under the [sham affidavit] rule, if a party submits an affidavit that conflicts with the affiant's prior sworn testimony and does not provide a sufficient explanation for the conflict, a trial court may disregard the affidavit when deciding whether the party has raised a genuine fact issue . . . . We agree with the majority view that a trial court's authority to distinguish between genuine and non-genuine fact issues includes the authority to apply the sham affidavit rule when confronted with evidence that appears to be a sham designed to avoid summary judgment."); *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 1984) ("[T]he nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony."). Because there was no explanation for this change in her testimony, the Court assumes the sole purpose of the affidavit was to avoid summary judgment, and, as a result, the affidavit presents a sham issue, rather than a fact issue, which the Court will not allow to defeat a motion for summary judgment. *See Lujan*, 555 S.W. 3d at 82; *Farroux*, 962 S.W.2d at 111; *Cantu v. Peacher*, 53 S.W.3d 5, 10 (Tex. App.—San Antonio 2001).

**SO ORDERED**.

June 17, 2021.

BARBARA M. G. LYNN
CHIEF JUDGE