IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUCILLE ADLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:20-cv-01767-M |
| | § | |
| KROGER TEXAS L.P., et al., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Plaintiff's Motion for New Trial (ECF No. 29). The Motion is DENIED.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On May 25, 2018, the Plaintiff, Lucille Adley, was allegedly injured in a Kroger grocery store in DeSoto, Texas. Adley alleged that she tripped and fell over a cardboard box on the floor of a frozen foods aisle, and sued the Defendants, Kroger Texas, L.P., Kroger, L.P. d/b/a Henpil, Inc., and Henpil, Inc. under several theories of negligence.  This Court dismissed Defendants Kroger, L.P. d/b/a Henpil, Inc., and Henpil, Inc. for improper joinder, and granted summary judgment for the remaining Defendant, Kroger Texas, L.P., on all claims, and on June 17, 2021, the Court entered a Final Judgment in favor of the Defendants, and dismissed all claims (ECF No. 27).

**II.    ANALYSIS**

The Court construes Adley's Motion as a request that the Court reconsider its grant of summary judgment in the Defendants' favor.[1] In so arguing, the Plaintiff cites to new portions

---

[1] Under Federal Rule of Civil Procedure 59(a)(1), a court may grant a new trial if the verdict at a previous trial runs against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error occurred. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). The moving party has the burden to demonstrate harmful error justifying a new trial. *Streber v. Hunter*, 221 F.3d 701, 736 (5th Cir. 2000). There was no

of depositions, many of which were not even provided to the Court.

To reconsider a grant of summary judgment, Adley must "clearly establish either a manifest error of law or fact or must present newly discovered evidence," and a motion to reconsider "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir.2003) (quoting *Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir.1990)).  Adley does not establish that the Court made a manifest error of law, nor does she present new evidence that was not available at summary judgment. Therefore, Adley is not entitled to relief.

The Plaintiff's Motion is DENIED.

**SO ORDERED**.

December 10, 2021.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

---

trial, but rather was a summary judgment.